## GIMÉNEZ *v.* DÍAZ ET AL.

### APPEAL from the District Court of San Juan.

No. 15.—Decided November 18, 1903.

APPEALS—AMOUNT INVOLVED IN LITIGATION—An appeal to the Supreme Court is not admissible when the value of the property in litigation does not exceed four hundred dollars.

STATEMENT OF THE CASE.

This is a case of intervention of ownership from the District Court of San Juan, prosecuted in the former Court of First Instance of Caguas, by Juan Giménez Ramos, a a resident of Caguas, on behalf of his wife Juana López Flores, and of his infant children, had by his former marriage with Gertrudis López Flores, as plaintiff, against Damián Díaz and José López Flores, as defendants, which case is pending before us on appeal in cassation for error of law, taken by counsel for Damián Díaz, who has been represented before this Supreme Court by Manuel F. Rossy, Esq., the plaintiff José López Flores being represented by Rafael López Landrón, and José López Flores having been declared in default, by reason of his failure to appear.

In a complaint in intervention of ownership filed in the former Court of First Instance, of Caguas, by Juan Giménez Ramos, on behalf of his wife and minor children, against Damián Díaz and José López Flores, involving certain lands the value whereof does not exceed four hundred dollars, said court rendered judgment on May 18, 1899, sustaining said complaint in intervention, ordering that the attachment of the property involved in the suit be dissolved, and reserving to Damián Díaz his right to prosecute the same in the proper manner, without special imposition of costs.

The record in the case having been forwarded to the District Court of San Juan, pursuant to the new organization of the courts, as provided by General Order No. 118, series of 1899, counsel for Damián Díaz petitioned said

nización de los Tribunales, dispuesta por la Orden General No. 118, Serie de 1899, la representación de Don Damián Díaz presentó escrito á dicho Tribunal, suplicando le oyera libremente la apelación establecida contra la expresada sentencia, y en caso de que estimara improcedente el recurso le admitiera el de casación por infracción de ley que contra la misma interponía, á cuyo escrito recayó auto de 27 de Noviembre del año expresado, declarando no haber lugar á admitir el recurso de apelación establecido, habiendo por anunciado el otro por infracción de ley con prescripción de que se elevaran los autos originales á esta Corte Suprema previa citación y emplazamiento de las partes.

*Resultando :* que la representación de Don Damián Díaz ejercitó recurso de súplica del expresado auto de 27 de Noviembre para que fuera enmendado en el sentido de ser oida en ambos efectos la apelación interpuesta por ser improcedente el recurso de casación habiendo recaido en 30 de Julio de 1900 providencia ordenando se entregara copia á la contraparte del escrito interponiendo el recurso de súplica é impugnando este recurso se dictó auto en 1 de Septiembre del propio año, revocando la mencionada providencia del 30 de Julio, en cuanto por ella se había dado traslado á Don Juan Gimenez Ramos del escrito de súplica, reponiendo las actuaciones al estado que tenían después de haber sido citadas y emplazadas las partes para ante el Tribunal Supremo, pues careciendo de jurisdicción la Corte de Distrito, no había lugar á proveer sobre dicho recurso de súplica.

*Resultando :* que también contra ese auto de 1 de Septiembre de 1900 ejercitó el Letrado Don Damián Díaz recurso de súplica para que se enmendara en el sentido de dejar sin efecto la admisión del recurso de casación á que se refería el auto de 27 de Noviembre de 1899, y se oyera en su lugar la apelación interpuesta, interesando por otrosí que en el caso de que el Tribunal entendiera que contra el referido auto de 1 de Septiembre no cabía más recurso que el de casación, desde luego lo interponía por infracción de ley, y pedía fuera admitido; á cuyo escrito recayó auto en 3 de Febrero del año próximo pasado, declarando sin lugar

court to hear the appeal taken by him from aforesaid judgment, and in case it should consider that such appeal did not lie, then to allow the appeal in cassation for error of law, which he took from the said decision. By an order dated November 27, 1899, the court dismissed the appeal and allowed the appeal in cassation for error of law, and directed that the original record be sent up to this Supreme Court, after duly citing and summoning the parties.

Counsel for Damián Díaz, filed a motion requesting that aforesaid order of November 27, be amended so that the appeal taken might be heard *en ambos efectos,* (that is to say, with the effect both of staying the proceedings in the trial court and transferring the case to the higher court on appeal), inasmuch as the appeal in cassation did not lie. On July 30, 1900, the court ordered that a copy of said motion be delivered to the adverse party, and said remedy having been opposed by the latter, by an order of September 1, 1900, it revoked the order of July 30, aforesaid, so far as the motion for an amendment had thereby been notified to Juan Giménez Ramos, and restored the record to the stage it had reached when the parties were summoned to appear before the Supreme Court; for the District Court having no jurisdiction in the matter, it could make no decision on the aforesaid motion for an amendment.

From this order of September 1, 1900, Damián Díaz likewise moved for an amendment annulling the order allowing the appeal in cassation referred to in the order of November 27, 1899, and that in lieu thereof that the appeal taken be heard; and further moved that in case the court should hold that from aforesaid order there could be no appeal other than an appeal in cassation, he would forthwith enter such appeal for error of law, requesting that it be allowed. The Court by an order made on February 3 of last year, dismissed the principal motion and in regard to the additional prayer thereto, the same was ordered to be attached to the record where in due time it would be given effect.

lo solicitado en lo principal del escrito presentado, y teniendo por hecha, respecto al otrosí la petición que contenía, la cual surtiría en autos los efectos oportunos.

*Resultando :* que elevados los autos á esta Corte Suprema, se ordenó fueran devueltos al Tribunal de Distrito de San Juan para que dictara resolución admitiendo ó denegando el recurso de casación interpuesto contra el auto de 1º de Septiembre de 1900 y entónces ese Tribunal por auto de 5 de Marzo último, declaró no haber lugar á admitir tal recurso de casación, pudiendo la parte acudir en queja en la forma correspondiente.

*Resultando:* que elevados los autos á esta Superioridad con citación y emplazamiento de las partes, se dió al recurso la tramitación prevenida por la Ley de la Asamblea Legislativa de 12 de Marzo último, convirtiendo esta Corte Suprema, de Corte de Casación, en Tribunal de Apelación; habiendo tenido lugar la vista de dicho recurso en 10 de los corrientes, con asistencia de los Letrados Don Manuel F. Rossy y Don Rafael López Landrón, que alegaron cuanto estimaron conducente á la defensa de sus representados.

Abogado del apelante : *Sr. Rossy ( Manuel F).*

Abogado del apelado : *Sr. López Landrón.*

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando :* que el único recurso sometido á la decisión de esta Corte Suprema es el de casación interpuesto contra la sentencia dictada en el presente juicio y admitido por el Tribunal de Distrito de San Juan, pues el otro recurso, también de casación, interpuesto contra el auto de 1º de Septiembre de 1900, fué denegado por el Tribunal de Distrito de San Juan en 5 de Marzo último, sin que contra tal denegatoria se halla ejercitado recurso de queja.

*Considerando :* que si bien el recurso de casación admitido contra la sentencia recaída en el juicio debe estimarse como de apelación, á virtud de lo prevenido por la Ley de la Asamblea Legislativa de 12 de Marzo último, convirtiendo esta Corte Suprema, de Corte de Casación, en Tribunal de Apelación, tal recurso, aún como de apelación, es improcedente en derecho, en armonía con lo que previene el artículo

The record having been forwarded to this Supreme Court, the same was ordered to be returned to the District Court of San Juan with the direction that it either allow or deny the appeal in cassation taken from the order of September 1, 1900, whereupon said court, by an order dated March 5 last, denied the appeal in cassation, leaving the party at liberty to resort to the remedy of complaint in the proper manner.

The record having been again forwarded to this Supreme Court, after duly summoning the parties to appear before the same, the proceedings were made to conform to the provisions of the act of the Legislative Assembly approved March 12, 1903, changing this Supreme Court from a court of cassation to a court of appeals. The hearing of said appeal was had on the 10th instant, Manuel F. Rossy and Rafael López Landrón being present and making such arguments as they deemed proper in support of the respective claims of their clients.

*Mr. Manuel F. Rossy*, for appellant.

*Mr. López Landrón*, for respondent.

MR. JUSTICE MACLEARY, after making the above statements of facts, delivered the opinion of the court as follows:

The only appeal submitted for the decision of this Supreme Court is the appeal in cassation from the judgment rendered in the present suit, and allowed by the District Court of San Juan; for the other appeal, likewise in cassation, from the order of September 1, 1900, was denied by the District Court of San Juan on March 5 last, and from said denial the remedy of complaint has not been resorted to.

Although the appeal in cassation allowed from the judgment entered, should be considered as an appeal pursuant to the act of the Legislative Assembly approved March 12, 1903, changing this Supreme Court from a court of cassation to a court of appeals such remedy, even as an appeal, will not lie according to law, for pursuant to Rule 78 of General Order No. 118, series of 1899, not repealed by aforesaid Act,

78 de la Orden N.° 118, Serie de 1899, no derogada por la Ley citada, por cuanto el interés de la cosa litigiosa no excede de cuatro cientos dollars, en lo que está conforme la misma parte recurrente.

*Fallamos:* que debemos declarar y declaramos no haber lugar á resolver el recurso de casación, hoy de apelación, interpuesto contra la sentencia pronunciada en el juicio, por la representación de Don Damián Díaz, al que condenamos en las costas; y comuníquese esta resolución, con devolución de los autos, al Tribunal de Distrito de San Juan, á los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Sulzbacher.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

## SANTANA *v.* RAMÍREZ.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 22.—Resuelto en Noviembre 18, 1903.

GESTIÓN DE NEGOCIOS AGENOS.—El dueño de bienes ó negocios que aproveche las ventajas de la gestión ajena será responsable de las obligaciones contraídas en su interés, indemnizará al gestor los gastos necesarios y útiles que hubiese hecho y los perjuicios que hubiese sufrido en el desempeño de su cargo.

SENTENCIAS.—Si la sentencia condenare al pago de cantidad ilíquida, la cuantía de la misma debe discutirse y resolverse en el cumplimiento de sentencia y por los trámites establecidos en la Ley procesal civil.

### EXPOSICIÓN DEL CASO.

En el recurso de apelación que ante Nos pende, interpuesto por Sergio Ramírez que se mostró parte ante este Tribunal Supremo bajo la dirección del Letrado Don Jacinto Texidor, solicitando la revocación de la sentencia dictada por el Tribunal de Distrito de San Juan que literalmente dice así:

"*Sentencia.* — En la Ciudad de San Juan de Puerto Rico, á 14 de Febrero de 1903. Visto este juicio declarativo seguido por Don Gerardo Santana y Santana, vecino de Caguas, dirigido y representado por el Letrado Don Antonio Alvarez Nava, contra Don Sergio Ramírez, comerciante y

inasmuch as the value of the property in litigation does not exceed four hundred dollars, as admitted by the party appellant, we adjudge that we should declare and do declare that the appeal in cassation, now appeal, taken by Damián Díaz from the judgment rendered in the suit, cannot be decided, and impose costs upon appellant.   This decision is ordered to be communicated and the record returned to the District Court of San Juan, that due effect may be given thereto.

Chief Justice Quiñones and Justices Hernández and Sulzbacher, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.